# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2023

Lyle W. Cayce
Clerk

No. 21-40748

United States of America,

*Plaintiff—Appellee*,

*versus*

Yaniuska Ordaz-Echevarria,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CR-190-1

Before Smith, Clement, and Wilson, *Circuit Judges*.

Per Curiam:*

Yaniuska Ordaz-Echevarria was convicted of assaulting a federal officer. On appeal, she argues the district court didn't instruct the jury on any intent requirement. But, the district court informed the jury that—regarding the assault—Ordaz-Echevarria must've committed "such acts intentionally." So, we AFFIRM.

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 21-40748

\* \* \*

Two years ago, Yaniuska Ordaz-Echevarria was detained by Border Patrol agents during a routine stop at a highway checkpoint. Ordaz-Echevarria—an alien Cuban citizen illegally in the United States—became frustrated by the development. Ordaz-Echevarria "became angry," "started yelling" at the federal agents, and "[v]ociferously protest[ed] her detention." At that time, wanting to "avoid any other confrontation" with a "visibly and verbally angry" Ordaz-Echevarria, the federal agents tried to place her in a holding cell. But, "things got messy." In response, Ordaz-Echevarria "flung her arm around . . . aggressively" and started "jump[ing] up" and "kicking" her legs around, knocking computer equipment off the nearby tables. When the officers tried to handcuff her, Ordaz-Echevarria continued the fiasco by "throwing her arms everywhere." During the scuffle, two agents were struck. Consequently, Ordaz-Echevarria was charged with assaulting a federal officer under 18 U.S.C. § 111(a)(1) and convicted. On appeal, Ordaz-Echevarria doesn't deny her conduct, but instead argues that the district court failed to instruct the jury that—under 18 U.S.C. § 111—she had to "intend[] to cause the physical contact" that led to her charge.

Ordaz-Echevarria correctly notes that, because she didn't object to the jury instructions at trial, we review for plain error. *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014). To establish plain error, Ordaz-Echevarria must point to a forfeited error that is clear and affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). For jury instructions, "plain error occurs only when the instruction, considered as a whole, was so clearly erroneous as to result in the likelihood of a grave miscarriage of justice." *United States v. Andaverde-Tinoco*, 741 F.3d 509, 516 (5th Cir. 2013) (internal quotation marks and citation omitted).

No. 21-40748

Here, Ordaz-Echevarria's argument fails for two reasons. First, the district court *did* provide an instruction on intent. Specifically, the judge told the jury that, when considering whether Ordaz-Echevarria assaulted a federal officer, it must find that the "Defendant did such acts intentionally." As a result, Ordaz-Echevarria's appeal is factually flawed. Second, and relatedly, the district court's instructions aren't legally wrong or clearly erroneous. As an initial matter, the charge mirrored this Circuit's pattern jury instructions. *See* Fifth Circuit Pattern Jury Instructions § 2.07 (2019). "It is well-settled . . . that a district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law." *United States v. Richardson*, 676 F.3d 491, 507 (5th Cir. 2012); *see also Andaverde-Tinoco*, 741 F.3d at 516 (finding instruction that was "almost identical to the charge found in the . . . Pattern Jury Instructions" wasn't clearly erroneous). Moreover, the instruction is a correct statement of the law. 18 U.S.C. § 111(a)(1); *United States v. Young*, 464 F.2d 160, 163 (5th Cir. 1972) (finding intent is required). Because the district court's instruction was correct and clearly informed the jury of the elements of the charged crime, there's no error that is "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation omitted); *see also United States v. Fairley*, 880 F.3d 198, 208 (5th Cir. 2018) (citation omitted).[1] We AFFIRM.

---

[1] Ordaz-Echevarria also argues that the district court erred by refusing to submit the entirety of her theory-of-defense instruction. But, her defense—that she didn't intend to strike the officers—was substantially covered by the judge's instructions discussed above. So, the district court didn't abuse its discretion by omitting a portion of Ordaz-Echevarria's requested instruction. *United States v. Wright*, 634 F.3d 770, 774 (5th Cir. 2011) (finding district courts have "substantial latitude" in instructing the jury); *United States v. Comstock*, 974 F.3d 551, 557 (5th Cir. 2020) (holding that challenger must demonstrate the requested instruction was "not substantially covered in the charge as a whole").